# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-085V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| SEVELA DEPLUSH *and* | \* | Filed:  February 3, 2015 |
| MYKELLE D' TIOLE, | \* | |
| *on behalf of their minor son*, M.J.D., | \* | |
| | \* | |
| Petitioners, | \* | |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## INITIAL ORDER

### I.  Initial Status Conference

After Respondent has entered an appearance, the parties shall discuss whether they wish to hold a Rule 4(b) "early status conference." If the parties desire such a conference, they shall contact my law clerk, Ashley Yull, on or before **March 13, 2015** at (202) 357-6391 to schedule it (to be held by telephone) for a mutually convenient date and time. The parties need not hold such a conference. If the aforementioned date passes without hearing from the parties, I will assume they do not see the benefit of such a conference and will not schedule one. (However, I may opt to schedule a conference based on my own assessment of the case.)

At the Rule 4(b) conference, the parties should be prepared to discuss (a) the medical records Petitioners expect to rely upon to substantiate their claim, (b) the records and information Respondent believes necessary to evaluate and respond to Petitioners' claim in her Rule 4(c) report, and (c) the parties' initial views of the possibility of settlement. In performing my function as special master, I may also share my initial views of the case at this time.

### II.  Filing of Relevant Medical Records

Petitioners should begin filing medical records relevant to her claim as promptly as possible. Petitioners may also request the issuance of a subpoena, under Vaccine Rule 7(c), to assist in the process of obtaining all relevant medical records. The parties are expected to cooperate in facilitating any discovery necessary to promote resolution of this matter.

The Vaccine Rules ordinarily require Respondent to ascertain the completion of the medical records and supporting documents filed with the petition thirty (30) days from filing (Vaccine Rule 4(a)(1)) and then, to file a report in response to the petition within ninety (90) days of the petition's filing (Vaccine Rule 4(c)(1)) – in effect, sixty (60) days from the date Respondent determines that Petitioners have filed sufficient information for Respondent to evaluate the merits of Petitioners' claim. However, it is the experience of the Office of Special Masters that petitioners often require additional time to obtain the records that Respondent deems necessary for a Rule 4(c) report. Accordingly, Respondent's deadline for filing the Rule 4(c) report is hereby **SUSPENDED**.

On January 30, 2015, Petitioners filed a Statement of Completion indicating that they believe all relevant records had been filed. This is earlier than the time I would ordinarily require the filing of that document. In order to permit Respondent the full amount of time contemplated by the Vaccine Rules in which to file her Rule 4(c) report, Respondent shall have until March 6, 2014 to review the records and determine if the record is complete enough to allow the filing of a Rule 4(c) report or if there are records still outstanding. Once both parties agree that the record is complete they shall file a Joint Statement of Completion.[1] **This statement does not close the record but signals that the parties believe sufficient medical records for Respondent to evaluate the merits of Petitioner's claim in the Rule 4(c) report have been filed.** If the parties cannot file a Joint Statement of Completion by **March 6, 2015**, they shall instead file a status report indicating where they are in the process.

### III. Rule 4(c) Report

Respondent's Rule 4(c) report is due sixty (60) days from the date of filing of the Joint Statement of Completion.

### IV. Rule 5 Conference

Following the filing of Respondent's Rule 4(c) report, my office shall contact the parties to schedule a status conference for the purposes of discussing next steps in moving the case forward. If the parties indicate during the conference that settlement is not a valid option, and there are no additional records to obtain, I will then set a date for a conference as contemplated by Vaccine Rule 5(a).[2]

During the Rule 5 conference, in accordance with the rule's terms I will provide my tentative view of the case, including my assessment of the relative strengths and weaknesses of the parties' respective positions. We will also discuss the status of the proceeding, the possibility of narrowing issues to be tried, the anticipated nature and scope of any trial, as well as the existing possibility of settlement.

---

[1] When filing the Joint Statement of Completion, the parties should use the CM/ECF event entitled "Statement of Completion."

[2] If the parties indicate a wish to explore settlement, then a Rule 5(a) conference will not be immediately scheduled. However, if those settlement discussions subsequently break down, the parties may then request a Rule 5(a) conference be held, or I will schedule one myself.

V.  **Other**

A.     Settlement and Alternative Dispute Resolution

Parties in the Vaccine Program are generally expected to actively pursue settlement opportunities. I am available and prepared to assist the settlement process in whatever manner the parties deem most useful.

In addition, I encourage the parties to consider the use of Alternative Dispute Resolution ("ADR") procedures to resolve this dispute. In some cases, use of one of these procedures may result in resolving a case in substantially less time than it would take under the more formal case-resolution process ordinarily utilized by the court. The ADR process is flexible, and the procedure utilized is tailored to the issues and the parties' recommendations for a given case.  In many cases, a special master (other than the one who would ultimately decide the case) or a third party can act as a mediator between the parties, meeting with the parties together as well as with each side separately in an effort to foster an agreeable settlement. Another form of ADR involves the special master conducting a "mini-trial" to assess the potential benefits of settlement. The parties should discuss the potential for ADR amongst themselves and with the Court at the earliest possible point in the process.

The Office of Special Masters has also adopted a plan to promote settlement of certain cases on an accelerated basis. The goals of this "Fast Track Settlement" procedure are to provide guidelines to practitioners who wish to engage in settlement discussions and to streamline the process by which prompt settlements in vaccine injury cases may be achieved. Details of the new procedure will be included in the OSM Guidelines and are described on the Court's website: http://www.uscfc.uscourts.gov/guidelines-fast-track-settlement. If the parties feel that a case is appropriate for Fast Track Settlement, they are encouraged to contact my chambers as soon as possible.

B.     Risk of Voluntary Dismissal

Once a Program petition is filed, a petitioner has two ways of leaving the Program while preserving the possibility of filing a civil action against a vaccine manufacturer or administrator on account of the same injury. *See* 42 U.S.C. §300aa-11(a)(2)(A). First, a petitioner may choose to withdraw from the Program after notice that the statutory time for a decision has elapsed, pursuant to 42 U.S.C. § 300aa-21(b). Second, a petitioner may leave the Program following entry of "judgment" pursuant to a final "decision" by the special master, as contemplated by 42 U.S.C. § 300aa-12(d)(3)(A). Another way of leaving the Program is when a petitioner voluntarily dismisses his own claim, either unilaterally or via stipulation with respondent. **However, utilizing voluntary dismissal to leave the Program will not result in a "judgment," and therefore it apparently will not preserve petitioner's right to file a tort suit against a vaccine manufacturer or administrator**. *See Hamilton v. Sec'y of Health & Human Servs.,* No. 02-838V, 2003 WL 23218074 (Fed. Cl. Spec. Mstr. Nov. 26, 2003); *Robinson v. Sec'y of Health*

3

*& Human Servs.*, No. 04-0041V, 2004 WL 2677197 (Fed. Cl. Spec. Mstr. Nov. 3, 2004). **Petitioners should beware of this potential consequence, which has ensnared petitioners in the past**. *See Robinson*, 2004 WL 2677197, at *3-4. If a petitioner or counsel has doubt about how to exit the Program, he or she may request a status conference with the special master. Such a conference should be requested *before* a notice of voluntary dismissal is filed.

C.    Electronic Filing

Pursuant to the Vaccine Rule 17(b)(3) of the recently amended Rules of the Court of Federal Claims [effective July 15, 2011], it is now mandatory that attorneys file all documents in Vaccine Act cases, subsequent to the petition itself, by electronic means.

D.    Extensions of Time / Contact with Chambers

Special masters possess the discretion to grant extensions on deadlines to complete ordered tasks. However, a party wishing to obtain an extension of time must show good cause by filing a **detailed** status report, **prior** to the deadline, stating with specificity the efforts the party has made to date to comply with the order, and providing a time frame when he or she reasonably expects to comply. A status report simply stating that the party is "currently working on" complying and will complete ordered tasks "as soon as possible" will not be deemed sufficient grounds for granting such a request. **A motion for enlargement of time must then be filed**; oral requests to chambers for extensions or requests made in status reports will not be entertained except in extreme and rare circumstances. Parties should contact the opposing party prior to filing the motion to ask if she objects to the motion. If she does not object, the moving party may include a statement reflecting this authorization in the motion. All requests for extensions of time **must** be filed as motions, and merely filing a status report containing such a request will no longer be permissible.

E.    Redacting the Name of a Minor Child

Additionally, if a petition is filed on behalf of a minor child, the caption may include only the minor child's initials. To avoid the need for redaction requests or the risk of accidental disclosure of a minor child's name in later proceedings, in cases where applicable, the undersigned intends to instruct the Court's clerk to modify the case caption to include only the initials of the minor child with the approval of both parties. *See* Vaccine Rule 16 (b).

F.    Attorneys' Fees and Costs Stipulation

In many cases (but particularly those in which the parties settle by stipulating to a damages amount) the parties may also wish to stipulate to attorneys' fees and costs to be awarded to the petitioner. Although I will generally enter such fee stipulations without further scrutiny, the exercise of my duties as special master obligate me only to award "reasonable" attorneys' fees - and fee stipulations do not generally provide much in the way of detail by which I can evaluate whether a requested sum is in fact reasonable.

Accordingly, any fee stipulation the parties wish to file in this case must be filed with the

relevant attorney billing invoices, expert invoices, and other proof that would substantiate the agreed-upon fees and costs to be paid to petitioner. I will review such materials before issuing a decision approving the stipulation - and in those (likely few) instances in which there appears to be some discrepancy between the stipulated sums and what might appear reasonable given the circumstances of the case, I will ask the parties to address, and/or brief, the matter.

The parties shall otherwise keep me informed of any developments in the case that warrant my attention, and are encouraged to initiate joint telephonic status conference calls where my assistance would be helpful. Any inquiries to my office, or questions regarding this Order, may be directed to my law clerk, Ashley Yull, at (202) 357-6391.

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master