# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-85V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * *
MYKELLE JIVON D'TIOLE,                      *
                                            *      Special Master Corcoran
                 Petitioner,                *
                                            *      Dated: September 19, 2017
v.                                          *
                                            *      Attorney's Fees and Costs;
                                            *      Interim Fees; Expert Costs.
SECRETARY OF HEALTH AND                     *
HUMAN SERVICES,                             *
                                            *
                 Respondent.                *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Curtis R. Webb*, Twin Falls, ID, for Petitioner.

*Lara A. Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]**

On January 27, 2015, Sevela DePlush filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] on behalf of her minor son (who has now reached the age of majority), Mykelle D'Tiole. Petitioner (now Mr. D'Tiole) alleges that he suffered from narcolepsy and cataplexy as a result of receiving the Flumist immunization on December 13, 2011. I issued a Decision denying compensation, dated November 28, 2016. *See* Decision, dated Nov. 28, 2016 (ECF No. 39)("Decision"). The Decision was upheld on review, but a Federal Circuit appeal is now pending.

---

[1] Although this decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $96,541.33 (representing $47,658.70 in attorney's fees for Curtis Webb, Esq.; $34,607.63 in attorney's fees for Petitioner's former counsel, Marvin Firestone, Esq.; $1,691.90 in costs incurred by Mr. Firestone; and $12,375.00 in Expert Costs). *See* Motion for Interim Attorney's Fees and Expenses, filed July 18, 2017, at 2-3 (ECF No. 57) ("Interim Fees App."). In addition, Petitioner states that he has separately incurred $1,900.00 of personal costs in connection with this proceeding. *Id*. at 2.

Respondent reacted to the motion on August 4, 2017, deferring to my discretion to determine whether Petitioner has met the legal standards for an interim fees and costs award, and the amount to be awarded, if any. *See* Response to Motion for Interim Attorney's Fees and Costs, dated Aug. 4, 2017 (ECF No. 58) ("Opp.") at 2.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$48,276.80**.

**Procedural History**

This action has been pending for over two and half years. As the billing invoices submitted in support of the fees application reveal, Petitioner's former attorney, Mr. Firestone, began working on the matter on June 20, 2014, seven months before the case was filed. *See* Supplement 2 to Interim Fees App. After the filing of the case in January 2015, the case proceeded efficiently, with Petitioner filing his medical records, statement of completion, and the expert report of Dr. Lawrence Steinman by March 2015. Respondent filed his Rule 4(c) Report and responsive expert report on July 13, 2015. ECF No. 21. Thereafter, the parties filed supplemental expert reports. After a status conference Respondent proposed that the case may be resolved with a ruling on the record, and moved for such a ruling on June 20, 2016 (ECF No. 36).

After considering the record as a whole, I issued a decision denying entitlement on November 28, 2016. *See generally* Decision. On December 8, 2016, Petitioner moved to substitute his counsel for Mr. Webb. The motion was granted, shortly followed by a motion for reconsideration of my decision. *See* Motion for Reconsideration, dated Dec. 19, 2016 (ECF No. 42). I denied that motion on December 21, 2016 and Petitioner thereafter filed a motion for review on December 28, 2016. That motion for review was denied on March 2, 2017 (ECF No. 51). Petitioner has now appealed that decision to the United Stated Court of Appeals for the Federal Circuit (ECF No. 55). The appeal remains pending.

Petitioner filed the present interim request for an award of attorney's fees and costs on July 18, 2017. *See generally* Interim Fees App. Petitioner specifically requests that Mr. Webb be compensated at a rate of $409 per hour for work performed in 2016, and $424 for work performed in 2017. Interim Fees App. at 20-21. He also requests reimbursement for attorney's fees incurred

2

by his prior counsel Mr. Firestone at an hourly rate of $400 for 2014-2015, and $414.80 for 2016.[3] Interim Fees App. at 2. Petitioner also requests reimbursement for Mr. Firestone's junior attorney, Michael Firestone, Esq., who billed at an hourly rate of $260 for 2014-2015, and $269.62 for 2016, and his paralegal who billed 17.9 hours at a rate of $165 per hour for 2014-2015. *Id*. Petitioner additionally requests $12,375.00 in outstanding expert costs incurred by Dr. Steinman, and $1,691.90 in costs expended by Mr. Firestone to obtain medical records and pay part of Dr. Steinman's retainer. Finally, Petitioner requests personal costs amounting to $1,900.00 (for the filing fee and expert retainer). *Id*. at 2-3.

## ANALYSIS

**I.     Legal Standard Applicable to Interim Fees and Costs Requests**

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here, meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

Here, I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, *slip op.* at 3 (Apr. 17, 2017). This matter meets all but one of that criteria. It has been pending for over two and half years, and given the pending appeal, it is likely that this case will take additional time to resolve. The total amount of attorney's fees requested also exceeds the minimum threshold

---

[3] Mr. Firestone's invoices indicates his 2014-2015 rates are based on fees awards he received in several cases. *See, e.g., Stanford v. Sec'y of Health & Human Servs.*, No. 14-1216V, 2016 WL 3176599 (Fed. Cl. Spec. Mstr. May 16, 2016); *Elliott v. Sec'y of Health & Human Servs.,* No. 14-661V, 2016 WL 6694970 (Fed. Cl. Spec. Mstr. Oct. 18, 2016) (The approved hourly rates for work performed in 2015 for Marvin H. Firestone, MD, JD was $400 and Michael A. Firestone, MBA, JD was $260 per hour, and Nurse/Paralegal Patricia Barrick was $165). He represents that his, and his associate's, 2016 rate was calculated by upwardly adjusting their 2015 rates using the consumer price index ("CPI") calculator. *See* Supplement 2 of Interim Fees App.

that I find to be appropriate, and it is likely Petitioner will continue to incur additional attorney's fees. Therefore, while I do not always find an interim fees award appropriate, this case merits an interim award.

## II. Amounts Requested for Petitioner's Attorneys

I must now evaluate what the magnitude of Petitioner's interim attorney's fee award should be. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that the attorneys and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2014-2017, as detailed above. The attorneys practicing at Marvin Firestone and Associates, located in San Mateo, California, have repeatedly been found to be "in-forum" and therefore justified to the forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). *See, e.g.,*

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

*Stanford v. Sec'y of Health & Human Servs.*, No. 14-1216V, 2016 WL 3176599 (Fed. Cl. Spec. Mstr. May 16, 2016); *Elliott v. Sec'y of Health & Human Servs.,* No. 14-661V, 2016 WL 6694970 (Fed. Cl. Spec. Mstr. Oct. 18, 2016). I find this reasoning persuasive, and therefore the requested rates for 2014-2015 will be awarded for Marvin and Michael Firestone. The hourly rates for 2016 will be adjusted slightly because the special masters currently favor using the producer price index for the office of lawyers ("PPI-OL") as the rate inflator rather than the consumer price index ("CPI"). Thus, Mr. Marvin Firestone's 2016 hourly rate will be lowered slightly to $409, Mr. Michael Firestone's 2016 hourly rate is $266.[5] This amounts to a reduction of $192.33.

I will also adjust the hourly rate ($165) requested for the paralegal. The *McCulloch* range for paralegals for 2015 was $125-$145. *McCulloch*, 2015 WL 5634323, at *18. Given that the requested rate is significantly above this range, the rate will be reduced. In accordance with the education and experience of the paralegal, I will award the top end of the range at $145 for the work performed in 2015. I will adjust the rate downward to account for inflation to calculate the rate for 2014, which results in an hourly rate of $140.00. The reduction for paralegal costs is thus $413.50.

The hours expended on this matter by Mr. Firestone and his associates (121.6 hours in total), appear to be reasonable for a case that has lasted two and a half years. This case has also proceeded in a timely fashion, and Petitioner's attorneys efficiently used their time to collect the necessary medical records and medical literature relevant to this case. Given the above, the total reduction of Mr. Firestone's fees and costs is $605.83 ($192.33+ $413.50=$605.83).

The fee request for Mr. Webb's time, however, presents a more thorny subject. He has only represented Petitioner since my entitlement decision less than a year ago, and yet seeks more fees for the various appellate motions he has made on Petitioner's behalf than were incurred by original counsel over a longer time period.[6] Interim Fees App. at 2. While it can be anticipated that his fees for reasonable work performed herein will also be appropriately reimbursed, I do not find at present that an interim award of his fees is appropriate, especially given the pending Federal Circuit appeal (which, if successful, could result in a return of this matter to me—and even more litigation fees and costs). I will accordingly defer resolution of that portion of the fees request until the case's final disposition.

---

[5] The PPI-OL rate for 2016 was derived by multiplying both Marvin and Michael Firestone's 2015 rate, consistent by the PPI-OL index for January 2015 (196.8) and then dividing by the PPI-OL index for January 2014 (192.7), after rounding to the nearest dollar, their hourly rates for 2016 came to $409 and $266, respectively.

[6] I also note that the hourly rates Mr. Webb requests exceed what others have awarded him, and may well be reliant on the decisions of different special masters awarding him in-forum rates. *Kuttner v. Sec'y of Health & Human Servs.,* No. 06-195V, 2009 WL 256447, at *9 (Fed. Cl. Spec. Mstr. Jan. 16, 2009); *Garrision v. Sec'y of Health & Human Servs.,* No. 14-762V, 2016 WL 3022076 (Fed. Cl. Spec. Mstr. Apr. 29, 2016) (awarding Mr. Webb forum rates despite his location in Twin Falls, Idaho). Resolving this split in authority could result in additional appeals (and more fees)—thus strengthening my conclusion that deferring action on his portion of the interim request is sensible.

### III. Requested Costs

Finally, Petitioner requests costs that he incurred personally, in addition to Dr. Steinman's expert costs, and the costs expended by Mr. Firestone. I find that the $1,900.00 incurred by Petitioner personally from paying the filing fee and part of the expert retainer for Dr. Steinman is reasonable. I similarly find that $12,375.00 (at an hourly rate of $500) billed by Dr. Steinman is reasonable and will be awarded as requested; both Dr. Steinman's hourly rate and time expended on the matter were reasonable. *See Brown v. Sec'y of Health & Human Servs.,* No. 09–426V, 2012 WL 952268 (Fed. Cl. Spec. Mstr. Feb. 29, 2012)*; Daniel v. Sec'y of Health & Human Servs.,* No. 10–745V, 2016 WL 7785955 (Fed. Cl. Spec. Mstr. Dec. 21, 2016). The costs incurred by Mr. Firestone to obtain medical records and pay the balance of Dr. Steinman's retainer are also reasonable. Thus, I will award the costs in full as requested.

### CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees, as follows:

I therefore award a total of **$48,276.80** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's former counsel, Mr. Marvin Firestone, Esq. I separately award the amount of **$1,900.00** to Mykelle Jivon D'tiole for reimbursement of his personal costs associated with this matter.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

6