# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-085V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                        *
MYKELLE JIVON D'TIOLE,                  *
                                        *
                     Petitioner,        *
                                        *
          v.                            *
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
                     Respondent.        *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Special Master Corcoran

Filed: September 6, 2018

Attorney's Fees and Costs;
Local versus Forum Hourly
Rates.

*Curtis R. Webb*, Twin Falls, ID, for Petitioner.

*Lara Ann Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS[1]

On January 27, 2015, Sevela DePlush filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] on behalf of her minor son (who has now reached the age of majority), Mykelle D'Tiole. Petitioner (now Mr. D'Tiole) alleged that he suffered from narcolepsy and cataplexy as a result of receiving the Flumist immunization on December 13, 2011. I issued a Decision denying compensation, dated November 28, 2016. *See* Decision, dated Nov. 28, 2016 (ECF No. 39) ("Decision"). The Decision was upheld on review, and later affirmed by the Federal Circuit (ECF No. 63).

Petitioner has now requested a final award of attorney's fees and costs in the total amount of $145,778.37 (representing $142,496.62 in attorney's fees, plus $3,281.75 for costs). *See* Final Motion

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

for Attorney's Fees, filed Aug. 9, 2018 (ECF No. 64) ("Fees App.") at 24. In addition, Petitioner states that he has separately incurred $500.00 of personal costs in connection with this proceeding. *Id*.

Respondent reacted to the request on August 17, 2018, deferring to my discretion to determine whether Petitioner has met the legal standards for a final fees and costs award, and the amount to be awarded, if any. *See* Response to Final Motion for Attorney's Fees, dated Aug. 17, 2018 (ECF No. 66) ("Opp.") at 2.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding final fees and costs in the total amount of **$141,119.15.**

## PROCEDURAL HISTORY

This action has been pending for over three and one-half years. As the billing invoices submitted in support of the fees application reveal, Petitioner's former attorney, Mr. Marvin Firestone, began working on the matter on June 20, 2014, seven months before the case was filed. *See* ECF No. 57-2. After the filing of the case in January 2015, the case proceeded efficiently, with Petitioner filing his medical records, statement of completion, and the expert report of Dr. Lawrence Steinman by March 2015. Respondent filed his Rule 4(c) Report and responsive expert report on July 13, 2015 (ECF No. 21). Thereafter, the parties filed supplemental expert reports. Following a status conference in early May 2016, Respondent proposed that the case may be resolved with a ruling on the record, and moved for such a ruling on June 20, 2016 (ECF No. 36).

After considering the record as a whole, I issued a decision denying entitlement on November 28, 2016. *See generally* Decision. On December 8, 2016, Petitioner moved to substitute his original counsel for Mr. Curtis Webb. The motion was granted, shortly followed by a motion for reconsideration of my decision. *See* Motion for Reconsideration, dated Dec. 19, 2016 (ECF No. 42). I denied that motion on December 21, 2016 and Petitioner thereafter filed a motion for review on December 28, 2016 (ECF No. 45). The motion for review was denied on March 2, 2017 (ECF No. 51). A subsequent appeal to the United Stated Court of Appeals for the Federal Circuit (ECF No. 55) resulted in an affirmance.

Following my original decision denying entitlement, Petitioner's prior counsel filed a motion requesting an interim award of attorney's fees and costs. *See* Motion for Interim Attorney's Fees and Costs, filed on July 18, 2017 (ECF No. 57). This request reflected fees and costs incurred from the time of the case's initiation through early December 2016. On September 19, 2017, I issued an interim decision, awarding Petitioner attorney's fees (representing fees incurred solely by former counsel, Mr. Firestone). *See* Decision, dated Sept. 19, 2017 (ECF No. 59) at 4-5. I deferred ruling on Mr. Webb's fees until the case's resolution. *Id.* at 5.  I also awarded Petitioner his costs requested at that

time (including personal expenses amounting to $1,900.00, expert fees, and costs incurred by Mr. Firestone). The total interim awarded amounted to $48,276.80. *Id.* at 6.

## FINAL FEES REQUEST

Petitioner filed the present request for a final award of attorney's fees and costs on August 9, 2018. *See generally* Fees App. Petitioner specifically requests that Mr. Webb be compensated at a rate of $409 per hour for work performed in 2016, $424 per hour for work performed in 2017, and $440 per hour for work performed in 2018. Fees App. at 2-3. The total sum requested for Mr. Webb's work on the present matter amounts to $129,486.62. *Id.* at 2-3.

Petitioner also requests reimbursement for work completed by one paralegal, Mr. Alexander Webb (counsel's son). Fees App. at 3. Mr. Alexander Webb billed at a rate of $100 per hour for work completed from 2016-2018. *Id.* The total sum requested for paralegal time devoted to the matter is $13,010.00. *Id.*

In addition to fees, Petitioner requests reimbursement for costs. The largest cost component is for travel expenses expended during counsel's travel to Washington, D.C. for the Federal Circuit oral argument. Fees App. at 24 (requesting $2,195.56 in travel expenses). The remainder of the costs requested include copying charges, printing costs, mailing and postage fees, and research costs. *Id.* at 23-24. Finally, Petitioner requests personal reimbursement for the $500.00 filing fee incurred for the Federal Circuit appeal. *Id.* at 24; *see* Petitioner's Statement Concerning Costs, dated July 15, 2018 (ECF No. 65).

On August 17, 2018, Respondent filed a document reacting to Petitioner's request. Respondent acknowledged that the statutory requirements for an award of attorney's fees and costs were met in this case, but deferred to my discretion to determine the amount appropriate. *See* Opp. at 2-3. Petitioner did not file a reply.

## ANALYSIS

### I.      Relevant Law Governing Fees Awards

I have in other decisions addressed at length the legal standard applicable to evaluating the propriety of a fees request in an unsuccessful case. *See R.V. v. Sec'y of Health & Human Servs.*, No. 08-504V, 2016 WL 7575568 (Fed. Cl. Spec. Mstr. Nov. 28, 2016); *Lemaire v. Sec'y of Health & Human Servs.*, No. 13-681V, 2016 WL 5224400 (Fed. Cl. Spec. Mstr. Aug. 12, 2016). At bottom, even unsuccessful petitioners may be awarded reasonable fees and costs if, in the special master's exercise of discretion, such an award is appropriate (and, as in the case of successful claims, if the

requested fees and costs are reasonable). The primary factors to be considered under such circumstances are whether (a) the petition was brought in good faith; and (b) there was reasonable basis for which the petition was brought. Section 15(e)(1); *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012). Determining whether a petition was filed in good faith is a subjective inquiry, and can easily be established as long as the petitioner demonstrates an honest belief that he has suffered a compensable injury. *Lemaire*, 2017 WL 5224400, at *3. By contrast, a claim's reasonable basis involves application of objective criteria which look to the feasibility of the claim, rather than the claim's likelihood of success. *Id.* at 4.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper rate on the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the "*Davis* exception"). *Avera v. Sec'y of Health & Human Servs.,* 515 F.3d 1343, 1348 (Fed. Cir. 2008) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). As the Federal Circuit stated in *Avera*, the *Davis* exception ensures against a "windfall" – meaning paying a lawyer in a rural or less expensive locale more than she would otherwise earn, simply because she is litigating a case in a court of national jurisdiction. *Avera,* 515 F.3d at 1349. A recent special master's decision established the hourly rate ranges for attorneys of different levels of experience who are entitled to the forum rate, and it has since been relied upon more generally by the Office of Special Masters. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); *see also* Attorney's Forum Hourly Rate Fee Schedule: 2015-2016 ("OSM Hourly Rate Chart: 2015-2016") (awarding attorneys with 31+ years of experience a rate range of $385-$430 depending on years of practice and Program experience).[3]

After the hourly rate is determined, the reasonableness of the total hours expended must be determined. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 205-06 (2009). This inquiry mandates consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Although Petitioner was not successful in pursuing his claim, I find that the matter had sufficient reasonable basis to justify a final award of fees. The medical records submitted and scientific literature offered (suggesting a relationship between other forms of the flu vaccine and narcolepsy) provided an evidentiary basis for the claim (and subsequent proceedings). Petitioner's counsel offered well-reasoned arguments based on those materials. In short, the claim had objective evidence supporting it, and the matter was fairly disputed, despite the unfavorable outcome. In

---

[3] The Attorney's Forum Hourly Rate Fee Schedule: 2015-2016 is available on the Court's website (http://www.uscfc.uscourts.gov/node/2914).

addition, Respondent does not assert that the matter lacked reasonable basis, nor does Respondent question Petitioner's good faith in filing the claim. I do not find otherwise, based on my overall review of the record. Thus, Petitioner should obtain a fees and costs award despite the claim's unsuccessful nature.

## II.     Mr. Webb Should Receive Forum Rates

With all of the above in mind, I turn to the rates requested herein for work completed by Mr. Webb from 2016-2018. In his fees application, Petitioner requests that Mr. Webb be compensated at the forum rate. *See* Fees App. at 9-17. Petitioner specifically argues that Twin Falls, Idaho is an in-forum locale, and in support, cites to multiple federal district court cases from the District of Idaho awarding rates for attorney work under similar federal fee-shifting statutes (including the Fair Labor Standards Act and the Fair Debt Collection Practices Act). *Id.* at 14-16.

There is no Federal Circuit-mandated methodology for determining if an attorney's literal "local" rate is sufficiently "substantially different" from the prevailing forum rate to trigger the *Davis* exception. As a result, the special masters have adopted a variety of approaches to the problem. Some special masters have measured the difference by a percentage formula. *See, e.g.*, *Gowans v. Sec'y of Health & Human Servs.*, No. 14-440V, 2017 WL 1842824, at *2-4 (Fed. Cl. Spec. Mstr. Apr. 12, 2017). Others have attempted to ascertain facts about a geographic region's cost of living, in order to evaluate whether the actual costs of doing business that an attorney practicing outside of the Washington area incurs can truly be said to be distinguishable even if the relevant region appears at first glance not to be comparable. *See, e.g.*, *Garrison v. Sec'y of Health & Human Servs.*, No. 14-762V, 2016 WL 3022076, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 29, 2016) (Twin Falls, Idaho found not to be substantially different from forum for purposes of rate calculation), *aff'd*, 128 Fed. Cl. 99 (2016).

In prior decisions involving whether an attorney should receive a forum rate, I have adopted a different practice. I look to federal district court decisions from the relevant geographic location to assess what rates attorneys receive for work comparable to that performed in Vaccine Act cases. *See, e.g., Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). While there are many federal fee-shifting statutes that provide for attorney's fees, not all work performed under such statutes is equivalent. Although Vaccine Act work can involve complex scientific and medical matters, the actual attorney work has long been deemed somewhat less demanding, given the relaxed evidentiary standards, absence of discovery and attendant disputes, and role the special masters play in helping resolve cases. *See Dezern*, 2016 WL 6678496, at *4 (citing *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011)). As a result, I have concluded that district court fees awards from the lawyer's practice locale, and under federal statutes involving attorney work *comparable* to that performed in the Vaccine Program, are the best benchmark for evaluating whether an attorney's hourly rate would be deemed a forum rate in the Program. *See Ochoa v. Sec'y of Health & Human Servs.*, No. 16-627V, 2017 WL

6350600, at *3-4 (Fed. Cl. Spec. Mstr. Nov. 1, 2017); *Rivera v. Sec'y of Health & Human Servs.*, No. 15-487V, 2017 WL 2460690, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2017); *Dezern*, 2016 WL 6678496, at *5.

In keeping with my inquisitorial role in deciding the matters before me, I have conducted my own review of a sampling of federal fees decisions from Idaho district courts applying applicable rates. These decisions reveal a wide variety of awards, depending on the nature of work performed. Updated research to the present (as the chart below details) illustrates rate ranges from $100 to $425, depending on position and experience for attorneys in the district:

| Case Name | Claim Type | Rate | Atty's Experience |
|---|---|---|---|
| *Norton v. Maximus*, No. 1:14-30-WBS, 2016 WL 6247004, at *2 (D. Idaho May 19, 2016). | FLSA* | $425/hr<br>$350<br>$250<br>$225<br>$150 | Partner (37 years)<br>Partner (20 years)<br>Associate (5 years)<br>Associate (4 years)<br>Paralegal |
| *Moore v. Dear Valley Trucking, Inc.*, No. 4:13-46-BLW, 2016 WL 4745174, at *1-3 (D. Idaho Sept. 12, 2016). | | $250-300/hr<br>$225-250<br>$195 | Partner (35 years)<br>Associate (8 years)<br>Associate (3 years) |
| *Sinnet v. Empire Collection Authorities, Inc.*, No. 2:11-248-BLW, 2012 WL 1448268, at *2-3 (D. Idaho Apr. 26, 2012). | FDCPA* | $350/hr<br>$300<br>$225<br>$100 | Partner<br>Associate (11 years)<br>Associate (4 years)<br>Paralegal |
| | | | |
| *Fair Labor Standards Act (FLSA), Fair Debt Collection Practices Act (FDCPA). | | | |

After consideration of the aforementioned law and facts, and also considering Petitioner's arguments, I conclude that the difference between the local rates in Twin Falls awarded under comparable fee-shifting statues and the forum rates is insufficiently different to apply the *Davis* exception. The low-end forum rate in 2016 for an attorney with comparable experience to Mr. Webb's 34 years of practice is roughly $385-$430 per hour. *See* OSM Hourly Rate Chart: 2015-2016; *see also McCulloch*, 2015 WL 5634323, at *19. That amount is not significantly different from what an attorney practicing in federal court in Idaho has been paid for comparable work under a federal fee-shifting statute similar to the Vaccine Act. *See, e.g.*, *Norton v. Maximus*, No. 1:14-30-WBS, 2016 WL 6247004, at *2 (D. Idaho May 19, 2016) (awarding any attorney with 30+ years of experience a rate of $425 per hour). Therefore, because I find that the *Davis* exception does not apply in this case, I will award Mr. Webb a forum rate for his work on the present matter.[4]

---

[4] Other special masters have addressed Mr. Webb's rate in the context of a forum determination, but found him entitled to a forum award based on a different methodology. Special Master Gowen awarded Mr. Webb forum rates based on a

**III. Precise Rate to be Awarded**

Now that I have determined that Mr. Webb will receive in-forum rates, I must decide what rate within the *McCulloch* range is appropriate. Petitioner requests varying rates for Mr. Webb's work on this matter (including $409 per hour for 2016, $424 per hour for 2017, and $440 per hour for 2018). The fees application states that Mr. Webb has been practicing law for 34 years, as he was admitted to practice in 1984. Fees App. at 8. Under OSM's forum fee guidelines, the rate range for an attorney of his experience (more than 31+ years in 2016) is $385-$430 per hour. *See* OSM Hourly Rate Chart: 2015-2016. Mr. Webb's requested rates herein (while in accordance with the rate ranges awarded in the Program) are slightly over the highest end rate awarded to Program attorneys with more experience. *See* OSM Hourly Rate Chart: 2017 (awarding an attorney with 31+ years of experience a range of $394-$440); *but see Parker v. Sec'y of Health & Human Servs.*, No. 02-1553V, 2018 WL 3433739, at *2 (Fed. Cl. Spec. Mstr. June 19, 2018) (awarding Program attorney with 40+ years of experience a rate of $415 per hour for 2016 and $430 per hour for 2017); *Morrison v. Sec'y of Health & Human Servs.*, No. 16-526V, 2017 WL 6889720, at *1 (Fed. Cl. Spec. Mstr. Nov. 28, 2017) (awarding Program attorney with 40+ years of experience a rate of $420 per hour for work completed in 2016-2017). Thus, counsel's requested rates will be adjusted as they do not correspond with similarly situated attorneys in the Program.

Special Master Gowen recently performed such an adjustment for Mr. Webb, and I will adopt those rates herein. *See Garrison v. Sec'y of Health & Human Servs.*, No. 14-762V, 2018 WL 2772179, at *3 (Fed. Cl. Spec. Mstr. May 3, 2018) (awarding Mr. Webb rates of $401 per hour for 2016; $415 per hour in 2017; and $430 per hour in 2018). I find that these rates are reasonable for an attorney of Mr. Webb's experience and I will reduce the amounts requested herein. Thus, Mr. Webb will receive hourly rates of $401 per hour for 102.3 hours of work completed in 2016; $415 per hour for 201 hours of work completed in 2017; and $430 per hour for 57.1 hours of work completed in 2018.[5] This results in a total award of of $126,782.40 (resulting in an overall fee reduction of $2,704.22).

---

sampling of cases from the District of Idaho. *See Garrison v. Sec'y of Health & Human Servs.*, No. 14-762V, 2016 WL 3022076, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 29, 2016), *aff'd*, 128 Fed. Cl. 99 (2016). Chief Special Master Dorsey has also awarded Mr. Webb forum rates in light of *Garrison*. *See, e.g., Brooks v. Sec'y of Health & Human Servs.*, No. 14-563V, 2017 WL 6276461, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2017) (awarding Mr. Webb a rate of $409 per hour for 2016-2017). In contrast, Special Master Hastings, in *Nuttall*, awarded Mr. Webb a local hourly rate. *See Nuttall v. Sec'y of Health & Human Servs.*, No. 07-810V, 2017 WL 3205815, at *4 (Fed. Cl. Spec. Mstr. June 30, 2017). In *Nuttall*, Special Master Hastings did not conduct a forum analysis, but rather awarded Mr. Webb the specific local rates he requested. *Id.* In the present fees motion, Mr. Webb clarified that in *Nuttall*, he specifically requested local rates in order to expedite his fee request. Fees App. at 13. Moreover, Mr. Webb argued that the *Nuttall* decision should not weigh against a forum determination in the present matter. *Id.*

[5] Of the 57.1 hours billed in 2018, 25.5 of those hours were billed for travel time, and will thus be reimbursed at a half rate of $215 per hour (consistent with Program precedent). *See, e.g., Combs v. Sec'y of Health & Human Servs.*, No. 14-878V, 2017 WL 5378966, at *4 (Fed. Cl. Spec. Mstr. Sept. 19, 2017). Counsel's fees application included this reduction as well (but at the higher rate originally requested). *See* Fees. App. at 2.

I must next determine the reasonableness of the time devoted to the matter. My review of the submitted invoices reveal no instances in which time was overbilled or inappropriately devoted to the prosecution of this case, and Respondent for his part points out nothing to the contrary. I will therefore award all the time billed to the matter by Mr. Webb as reasonably incurred.[6]

## IV. Costs to be Awarded

Petitioner requests $3,281.75 in costs on behalf of his counsel, and $500.00 in personal expenses incurred. The majority of those costs reflect Mr. Webb's travel to Washington, D.C. (including airfare, lodging, meals, and taxi expenses). These costs appear to be reasonable and will be awarded in full. Similarly, I find that the remaining costs (including charges for copying, printing, postage, and research fees) were reasonably incurred and will be awarded. Petitioner will also be reimbursed for the $500.00 he expended on the filing fee for the Federal Circuit appeal.

Finally, Petitioner requests paralegal costs. As noted above, Petitioner asks that Mr. Alexander Webb be reimbursed at a rate of $100 per hour for work completed from 2016-2018. Fees App. at 17-18. These rates are consistent with the OSM Hourly Rate Charts for the above-referenced years. However, in *Garrison*, Special Master Gowen awarded Mr. Alexander Webb a rate of $50 per hour for work completed in 2016 (as he was an undergraduate student at that time and had limited paralegal experience). *See Garrison*, 2018 WL 2772179, at *3. Given Mr. Webb's lack of experience in 2016, I will similarly award him a rate of $50 per hour for that year. The 2017-2018 requested rate of $100 per hour is consistent with *Garrison* and will be awarded. Thus, I will award Mr. Webb $1,955.00 for his 39.1 hours of work in 2016, and $9,100.00 for this 91 hours of work completed in 2017-2018 (representing an overall reduction in paralegal costs of $1,955.00).

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Based on the reasonableness of Petitioner's request, as well as my reductions and hourly fee rate decisions set forth above, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs:

---

[6] Mr. Webb self-imposed a 20% fee reduction to his requested fees for the Federal Circuit appeal (representing a reduction from $85,460.40 to $68,368.32). *See* Fees App. at 2, 21. My final fees and costs award also includes this reduction to the total amount requested for counsel's work on that appeal.

| Contested Sum | Amount Requested | Reduction | Total Awarded |
|---|---|---|---|
| Curtis Webb's Fees | $129,486.62 | $2,704.22 | $126,782.40 |
| Costs | $3,281.75 | none | $3,281.75 |
| Paralegal Costs | $13,010.00 | $1,955.00 | $11,055.00 |
| **Total** | **$145,778.37** | **$4,659.22** | **$141,119.15** |
|  |  |  |  |

      Accordingly, I award a total of **$141,119.15** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Curtis Webb, Esq. I also award a total of **$500.00** payable to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[7]

      **IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the Parties' joint filing of notice renouncing the right to seek review.